IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STACY DUKE AKANA, AND XARBIN INDUSTRIES SP, | CIV. NO. 23-00085 DKW-RT |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO DENY MOTION FOR DEFAULT JUDGMENT |
| vs. | |
| RHEA, (MARITIME VESSEL), IN REM, HULL NO. HA 9548G; GARY CHEN,  DOE DEFENDANTS 1-20, DOE CORPORATIONS 1-20,  DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20,  OTHER ENTITIES 1-20, IN PERSONAM; | |
| Defendants. | |

**FINDINGS AND RECOMMENDATION TO DENY
MOTION FOR DEFAULT JUDGMENT**

Before the Court are Plaintiffs Stacy Duke Akana ("Akana") and Xarbin Industries SP's ("Xarbin") (collectively "Plaintiffs") *Motion for Default Judgment* ("Motion" or "Motion for Default Judgment"), filed on April 28, 2023. ECF No. 13.  The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After careful review of the *Motion*, records in this case and applicable law, the Court **FINDS** that the clerk's entry of default has not been

made and thus **RECOMMENDS** that the district court **DENY** the *Motion for Default Judgment* **WITHOUT PREJUDICE**.

Akana alleges that a copy of the *Summons* and *Complaint* was served on Defendant Gary Chen ("Defendant") and that default judgment is being sought because the Defendant did not timely respond or defend. However, Akana filed the *Motion for Default Judgment* without first obtaining an entry of default. As such, the Court Clerk has not entered default in this case before the filing the *Motion for Default Judgment*.

"The Ninth Circuit Court of Appeals has explained Rule 55 as requiring a 'two-step process' consisting of (1) seeking the clerk's entry of default; and (2) filing a motion for entry of default judgment." *Ramsey v. Hawaii*, Civ. No. 20-00215 JMS-KJM, 2020 WL 5754010, at *1 (D. Haw. Sept. 2, 2020), *report and recommendation adopted as modified*, Civ. No. 20-00215 JMS-KJM, 2020 WL5753965 (D. Haw. Sept. 25, 2020) (citing *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)). The *Motion for Default Judgment* is thus premature as an entry of default must precede a motion for default judgment. *See Haynes v. R.W. Selby Co. Inc.*, 457 Fed. Appx. 659, 660 (9th Cir. 2011) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)) (Because Plaintiff failed to obtain an entry of default, default judgment should be denied). Accordingly, on this basis

alone, the Court **RECOMMENDS** that the district court **DENY WITHOUT PREJUDICE** the *Motion for Default Judgment*.

Furthermore, while Akana, who is proceeding pro se in this matter, may assert claims on behalf of himself, he may not represent Xarbin or assert claims on its behalf.  LR81.1(a) & (b).  On March 30, 2023, the Court issued an *Entering Order* to bring this to Akana's attention.  ECF No. 11.  The *Entering Order*, in pertinent part, reads as follows:

> Upon review of the [ECF 8 ] *Amended Complaint*, filed 3/7/2023, Plaintiff Stacy Duke Akana ("Plaintiff") is proceeding pro se in this matter and is authorized to "appear personally on behalf of [himself] only[.]"  See, LR81.1(a).  In the *Amended Complaint*, however, Plaintiff asserts claims on behalf of both himself <u>and</u> Xarbin Industries SP.  ECF No. 8.  **The Court CAUTIONS Plaintiff that "[e]ntities other than individuals, including but not limited to corporations, partnerships, limited liability partnerships or corporations, trusts, community associations, and unions, must be represented by an attorney."** LR81.1(b).  **Accordingly, Plaintiff may not represent Xarbin Industries SP in this action or assert claims on its behalf.**
>
> "Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes."  LR81.1(a).  "Sanctions, including but not limited to... dismissal with prejudice, may be imposed for failure to comply with the Local Rules."  Id.

ECF No. 11 (emphasis added).  Thus, even if the *Motion for Default Judgment* was properly before the Court, Akana as a pro se litigant would be permitted to request default judgement on behalf of himself only and not on behalf of the entity Xarbin.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 3, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civil No. 23-00085 DKW-RT;  *Stacy Duke Akana, et al. vs. Rhea, (maritime Vessel), in Rem, Hull No. Ha 9548G, et al.*;  Findings and Recommendation to Deny Motion for Default Judgment